UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MARIO CARDENAS,

    Plaintiff,

v.                                 Case No. 5:20-cv-122-TKW-MJF

MARK INCH, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This prisoner civil rights case, filed under 42 U.S.C. § 1983, is before the court on referral from the clerk of court. The undersigned recommends that this action be dismissed without prejudice because Plaintiff's second amended complaint violates the Federal Rules of Civil Procedure and Plaintiff failed to comply with two court orders.[1]

### I. BACKGROUND

On April 17, 2020, Plaintiff, proceeding *pro se*, commenced this action against employees of the Florida Department of Corrections ("FDC"). (Doc. 1). Because Plaintiff's complaint violated the Federal Rules of Civil Procedure and the

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

Local Rules of the United States District Court for the Northern District of Florida, the undersigned ordered Plaintiff to file an amended complaint. (Doc. 5). The undersigned warned Plaintiff that failure to comply likely would result in dismissal of this action. (*Id.* at 7).

On December 30, 2020, after receiving an extension of time, Plaintiff filed an amended complaint. (Doc. 8). Plaintiff's amended complaint, however, also suffered from various deficiencies: (1) it did not contain numbered paragraphs, each limited as far as practicable to a single set of circumstances, and (2) it did not separate into a different count each cause of action or claim for relief. Accordingly, on May 21, 2021, the undersigned ordered Plaintiff to explain and show cause why this action should not be dismissed and provided Plaintiff an opportunity to file a second amended complaint. (Doc. 9). The undersigned again warned Plaintiff that failure to comply with the directions set forth in the order likely would result in dismissal of this action. (*Id.* at 3).

On June 15, 2021, Plaintiff filed a second amended complaint. (Doc. 10). In this complaint, Plaintiff alleges that five FDC employees violated the Eighth Amendment. Plaintiff is suing Defendants in their official capacities.[2] He seeks "necessary treatment," "prosthetic devices," and "corrective action." (*Id.* at 7).

---

[2] Although the case caption names five Defendants, Plaintiff notes the capacity of suit for only three Defendants: Defendant Lopez, Defendant Sanders, and Defendant

## II. STANDARD

Because Plaintiff is a prisoner, the court is required to review his complaint, identify cognizable claims, and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see also id.* § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings). Determining whether a complaint states a claim upon which relief can be granted is governed by the standard set forth in Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

Hildebrand. It is unclear in what capacity Plaintiff is suing the remaining Defendants.

misconduct alleged." *Iqbal*, 556 U.S. at 678. The mere possibility that the defendant acted unlawfully is insufficient. *Id.* The complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 (reiterating that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). A court also should dismiss a complaint for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007) (reiterating that principle); *Marsh v. Butler Cnty.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

### III. DISCUSSION

The undersigned recommends that this action be dismissed without prejudice for two reasons. First, Plaintiff's second amended complaint violates the Federal Rules of Civil Procedure. Second, Plaintiff failed to comply with two court orders. (Docs. 5, 9).

**A.**     **The Complaint Violates the Federal Rules of Civil Procedure**

A civil complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that "a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Furthermore, a civil complaint filed in federal court must "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

A so-called "shotgun pleading" is a "complaint that violates Federal Rules of Civil Procedure 8(a)(2) or 10(b), or both." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)). One type of shotgun pleading fails to separate into a different count each cause of action or claim for relief. *Barmapov*, 986 F.3d at 1325; *Weiland*, 792 F.3d at 1322. Such pleadings "waste scarce judicial resources, 'inexorably broaden the scope of discovery,' 'wreak havoc on appellate courts dockets,' and 'undermine the public's respect for the courts.'" *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quoting *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979-80 & n.54 (11th Cir. 2008)). As the Eleventh Circuit has stated, it "is not the proper function of courts in this Circuit to parse out such incomprehensible allegations." *Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020) (citing *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1355 n.6 (11th Cir. 2018)).

Although courts hold allegations of a *pro se* complaint to a less stringent standard than formal pleadings drafted by lawyers, courts may not "serve as de facto

counsel for a party," or "rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014). "A district court has the 'inherent authority to control its docket and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds." *Vibe Micro, Inc.*, 878 F.3d at 1295 (quoting *Weiland*, 792 F.3d at 1320).

Plaintiff's seconded amended complaint violates the Federal Rules of Civil Procedure in two ways. First, although the events underlying this matter occurred over several months, Plaintiff asserts one deliberate indifference claim against five Defendants. (Doc. 10 at 5-7). For example, Plaintiff alleges that Defendant Lopez refused to provide Plaintiff "proper therapy and medication" on unspecified dates. (*Id.* at 5). As to Defendant Sanders, Plaintiff alleges that over an unspecified three-month period, Sanders did not provide Plaintiff with appropriate care during his physical-therapy sessions. (*Id.* at 5). Thus, Lopez's conduct/omissions seem to be distinct from that of Sanders, and thus their respective conduct/omissions create separate causes of action. Plaintiff, however, fails to separate these claims into distinct paragraphs, sections, or counts, despite the undersigned repeatedly instructing Plaintiff to do so. Plaintiff also fails to limit the paragraphs used to state the relevant facts "to a single set of circumstances." Fed. R. Civ. P. 10(b). Because

Plaintiff fails to separate his claims and fails to limit each claim to a "single set of circumstances," his second amended complaint violates Rule 10(b).

Second, Plaintiff fails to allege any cause of action against Defendants Inch and Roberts. A "complaint must isolate the allegedly unconstitutional actions of each defendant; otherwise the complaint does not provide adequate notice as to the nature of the claims against each" defendant. *Matthews v. Bergdorf*, 889 F.3d 1136, 1144 (10th Cir. 2018) (citation and internal quotation marks omitted). When a "complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff," the plaintiff fails to state a plausible claim to relief against that defendant. *Morabito v. Blum*, 528 F. Supp. 252, 262 (S.D.N.Y. 1981); *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (holding that named defendants were properly dismissed when the complaint's factual allegations did not associate those defendants with the constitutional violation alleged). Because Plaintiff's second amended complaint does not include any factual allegations regarding Defendants Inch and Roberts, the complaint violates Rule 8(a)(2) of the Federal Rules of Civil Procedure with respect to those Defendants.

Despite the undersigned affording Plaintiff multiple opportunities to correct these deficiencies when they appeared in prior versions of his complaints, Plaintiff

has failed to do so. Thus, Plaintiff's second amended complaint should be dismissed without prejudice.

**B.**     **Plaintiff Failed to Comply with Two Court Orders**

Plaintiff's failure to comply with two court orders is yet another reason to dismiss this action. "A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827 (1996); *see e.g.*, N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss a claim when a party fails to comply with an applicable rule or court order). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Prop., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to . . . comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (noting the inherent power of courts to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)).

Courts do not need to wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with a court order); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999)

(noting that the United States Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

In recommending dismissal, the undersigned has taken into consideration the following six factors, among others:

**(1) Plaintiff's failure to comply with two court orders.** The Plaintiff has failed to comply with two court orders:

    a.    the order issued on November 10, 2020; and

    b.    the order issued on May 21, 2021.

**(2) Plaintiff received notice that failure to act likely would result in dismissal.** The undersigned twice warned Plaintiff that failure to comply with the respective orders likely would result in dismissal. (Docs. 5, 9). Despite these warnings, Plaintiff has not complied with the undersigned's orders.

**(3) Plaintiff is not likely to suffer substantial prejudice from the dismissal.** Although Plaintiff's second amended complaint does not assert when Defendants' alleged conduct occurred, on January 16, 2019, Plaintiff filed a notice of change of address to the Northwest Florida Reception Center. *Cardenas v. Jones, Sec'y, Fla. Dep't of Corr.*, 3:17-cv-228-HES-PDB (M.D. Fla. Jan. 25, 2019) (Doc. 63). All Defendants except for Defendant Inch are employed at Northwest Florida Reception Center.[3] Thus, Plaintiff's deliberate indifference claim against Defendants likely

---

[3] As noted above, Plaintiff does not assert any allegations against Defendant Inch.

arose sometime after January 16, 2019. Because the undersigned is recommending dismissal without prejudice, Plaintiff likely can refile his claims in the near future. Thus, dismissal without prejudice likely would not result in substantial prejudice to Plaintiff.

**(4) The proper balance between alleviating court calendar congestion and protecting Plaintiff's right to due process and a fair chance to be heard.** The Plaintiff has been afforded an opportunity to be heard and has received due process consistent with the primary stage of this civil action. The court's need to ensure that court orders are obeyed outweighs any due process right that Plaintiff may have in this case.

**(5) The public policy favoring disposition of cases on their merits.** The orders issued by the undersigned were designed to facilitate the disposition of this case on its merits, but Plaintiff repeatedly has refused to comply with those orders. Furthermore, the policy favoring a decision on the merits is important, but it does not outweigh the other considerations addressed herein, such as the court's need to keep cases moving toward a final disposition and the need to ensure compliance with court orders.

**(6) The fact that any lesser sanction would be inefficacious.** Based on Plaintiff's prior conduct, it is likely that Plaintiff would ignore future orders directing

him to comply. Dismissal without prejudice is an appropriate sanction to address the interest of justice and the important objectives discussed above.

## IV. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED** without prejudice.

2. The clerk of the court close the case file.

At Pensacola, Florida, this 20th day of August, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**